United States Courts
Southern District of Texas
FILED
APR 1 5 2015
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> <br> v. <br> <br> DAWN HARRIS, <br> Defendant. | Case No. **15 CR 2 0 0** |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

## INDICTMENT

THE GRAND JURY CHARGES:

### Counts 1 to 10
### Wire Fraud in violation of 18 U.S.C. § 1343

### Introduction

At all times relevant to this Indictment:

1. LTD Financial Services, L.P. ("LTD") was a company based in Houston, Texas.

2. LTD employed defendant Dawn Harris in or about the dates below in the following roles:

   a. Executive Administrative Assistant (September 1999 - April 2004)
   b. Director of Client Services (April 2004 - March 2009)
   c. Director of Compliance and Client Services (March 2009 - July 2011)
   d. Vice President of Compliance (July 2011 - April 2013)
   e. Chief Compliance Officer (April 2013 - September 2013).

3. LTD terminated defendant's employment in September 2013, when it discovered that for years, she had been embezzling money from LTD.

4. First Community Credit Union ("FCCU") was a financial institution which was defendant's banking facility. FCCU had branches in Houston, Texas, which electronically transmitted all deposits at the close of each business day via an Electronic Cash Letter to the Federal Reserve Bank in Atlanta, Georgia.

## The Scheme

5. From in or about January 2007 to in or about September 2013, the defendant

### DAWN HARRIS

did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, to wit: defendant Harris embezzled approximately $440,090.70 from her then-employer LTD.

## The Manner and Means of Defendant's Scheme

Defendant furthered her embezzlement scheme in the following manner and with the following means:

**A. Starting around 2007, defendant embezzled money from LTD**

6. From around 2007 to around 2010, defendant Harris embezzled money from LTD by abusing her authority as LTD's Director of Client Services

(and later, as its Director of Compliance and Client Services) to access LTD's accounts payable system and print company checks to pay LTD's bills.

7. As part of her scheme, defendant Harris caused LTD's accounts payable system to issue checks made out to LTD's vendors to pay invoices that, in reality, the vendors did not submit.

8. Defendant Harris never remitted these checks to the vendors; instead, she caused checks with the same check number, the same check amount, and drawn on the same LTD bank account to be issued to payee, "FCCU," the initials of her banking facility, First Community Credit Union.

9. Harris then deposited these fraudulent checks into her account at First Community Credit Union in Houston, Texas, and used the money to support her lifestyle.

**B. Around 2011, when she was promoted, defendant modified her scheme**

10. Starting around 2011, defendant Harris was promoted to become LTD's Vice President of Compliance with the responsibility of managing legal claims filed against LTD, so she modified her method of embezzling money from LTD.

11. Defendant Harris e-mailed LTD's bookkeeping department, causing it to issue checks to settle legal claims purportedly filed against LTD; in reality, these checks were not used to settle these claims.

12. Harris then ordered LTD's bookkeeping department to deliver the checks to her, instead of having the bookkeeping department mail the checks directly to the attorneys who supposedly brought these legal claims.

13. Defendant Harris never remitted these checks to the vendors; instead, she caused checks with the same check number, the same check amount, and drawn on the same LTD bank account to be issued to payee, "FCCU," the initials of her banking facility, First Community Credit Union.

14. Harris then deposited these fraudulent checks into her account at First Community Credit Union in Houston, Texas, and used the money to support her lifestyle.

### Execution of the Scheme

15. On or around the following dates, in the Southern District of Texas and elsewhere, for the purpose of executing the scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and intending to do so, defendant Harris knowingly transmitted and caused to be transmitted in interstate commerce by means of wire communications the electronic communications set forth below:

| Count | Approx. Date of the Wire | Description |
|---|---|---|
| 1. | 6/14/11 | $4,000.00 check (#63928) dated 5/27/11 from LTD Financial Services L.P., ostensibly issued to Law Firm 1, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 2. | 7/18/11 | $4,750.00 check (#64261) dated 7/15/11 from LTD Financial Services L.P., ostensibly issued to Law Firm 2, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 3. | 9/7/11 | $6,500.00 check (#64550) dated 9/1/11 from LTD Financial Services L.P., ostensibly issued to Law Firm 1, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 4. | 12/27/11 | $4,000.00 check (#65202) dated 12/14/11 from LTD Financial Services L.P., ostensibly issued to Law Firm 3, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 5. | 5/7/12 | $3,750.00 check (#66066) dated 5/2/12 from LTD Financial Services L.P., ostensibly issued to Law Firm 2, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 6. | 6/29/12 | $4,500.00 check (#66369) dated 6/25/12 from LTD Financial Services L.P., ostensibly issued to Law Firm 3, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 7. | 8/10/12 | $3,500.00 check (#66600) dated 8/2/12 from LTD Financial Services L.P., ostensibly issued to Law Firm 1, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 8. | 7/1/13 | $4,500.00 check (#68244) dated 6/6/13 from LTD Financial Services L.P., ostensibly issued to Law Firm 4, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |

| | | |
|---|---|---|
| 9. | 8/5/13 | $5,000.00 check (#68516) dated 7/29/13 from LTD Financial Services L.P., ostensibly issued to Law Firm 5, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |
| 10. | 9/16/13 | $10,360.00 check (#68736) dated 9/12/13 from LTD Financial Services L.P., ostensibly issued to Vendor 1, but actually deposited into Harris' account at First Community Credit Union, thereby causing a wire to be transmitted from Texas to Georgia. |

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE
## 28 U.S.C. § 2461(c) & 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant

## DAWN HARRIS

that in the event of her conviction of the offenses charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture. That amount is estimated to be, but is not limited to, $440,090.70 in United States dollars.

## Substitute Assets

The defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

TRUE BILL:

Original Signature on File

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

_____
Michael Chu
Assistant U.S. Attorney